ROY E. BOLTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bolter v. Commissioner
Docket No. 10213-78
United States Tax Court
T.C. Memo 1981-378; 1981 Tax Ct. Memo LEXIS 364; 42 T.C.M. (CCH) 467; T.C.M. (RIA) 81378; July 27, 1981
Roy E. Bolter, pro se. Linda A. Jackson and Joseph R. Peters, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $ 2,655 in petitioner's Federal income tax for the taxable year 1976. Respondent further determined that an addition to tax under section 6653(a) [1] in the amount of $ 133 was appropriate. The issues presented here for our decision are: (1) Whether petitioner is required to include in gross income remuneration for personal services rendered to his employer when he has previously conveyed the right to receive such compensation to a trust which he created solely to receive such income; and
*366 (2) Whether petitioner is liable for the addition to tax under section 6653(a) due to negligent disregard for the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Roy E. Bolter filed a Federal income tax return for the taxable year 1976 with the Internal Revenue Service Center, Kansas City, Missouri. At the time of the commencement of this suit, petitioner was a resident of the state of Wisconson. On June 29, 1976, petitioner as grantor created the Patrick Henry System (A Trust), (hereinafter referred to as the trust). By this "Constitutional Trust" agreement petitioner agreed to convey the exclusive use of his lifetime services in exchange for the entire beneficial interest in the trust as expressed in the following language: TRUSTEES' DECLARATION OF PURPOSE OF THIS CONSTITUTIONAL TRUST
SHALL BE - to accept from ROY E. BOLTER the exclusive use of his lifetime services including all his earned remuneration from any outside source which is consistent with the purport of THIS TRUST and THIS TRUST INDENTURE; together with other items of *367 his personal property. In consideration for this freely entered into and equitable CONTRACT, for the above mentioned personal property to be IRREVOCABLY CONVEYED and which comprises the initial capital of this newly created business entity, the Accepting Trustees will exchange and ROY E. BOLTER will accept ALL the beneficial interests of THIS TRUST; so that the Roy E. Bolter Family can maximize their lifetime efforts through the utilization of All their Constitutional Rights, in their pursuit of happiness and their desire to PROMOTE THE GENERAL WELFARE of ALL their fellow SOVEREIGN CITIZENS of The United States of America. The agreement also authorized the trustees, by majority vote, to pay compensation to all officers, employees, or to themselves. Although not designated as a trustee in the agreement itself, petitioner was elected as a trustee on the date of inception. There were four other trustees, none of whom were shown to be related to the petitioner. On July 1, 1976, 2 days after the formation of the trust, the formal conveyance by petitioner of his lifetime services in exchange for the entire beneficial interest in the trust took place. The conveying agreement recites *368 insofar as is relevant herein: (1) PAYMENT for IRREVOCABLE CONVEYANCE: Upon execution of THIS document by ALL the above mentioned persons, the Accepting Trustees of The PATRICK HENRY SYSTEM (A Trust) will, as authorized by the Trust Indenture, issue to me Roy E. Bolter the SOLE Grantor - Creator - Conveyer, ALL of the One (100) Hundred Units of Beneficial Interest in said Trust * * *. (2) THE IRREVOCABLE CONVEYANCE: I, ROY E. BOLTER being of sound and disposing mind and memory, do make, publish and declare the following to be my wish and desire to hereby IRREVOCABLY CONVEY to The PATRICK HENRY SYSTEM (A Trust) ALL my earned remuneration and to be earned remuneration from all and any outside source, and ALL my right, title and interest in such earnings from my services rendered or to be rendered, said services from THIS date forth to be controlled, directed and owned SOLELY by said Trust, to the above named sources of remuneration * * *. (4) NOTICE of IRREVOCABLE CONVEYANCE: I, ROY E. BOLTER hereby notify the Accepting Trustees of The PATRICK HENRY SYSTEM (A Trust) that from this date, 1st Day of July, 1976, ALL checks, vouchers, commissions, emoluments of whatsoever nature *369 made payable to ME for any and all outside services rendered or to be rendered by ME, as detailed above in this Conveying Agreement, will henceforth be endorsed over to and/or deposited to the account of, or registered in the name of the above named Trust. On July 4, 1976, the trustees cancelled petitioner's certificate of beneficial interest and caused certificates, representing the entire beneficial interest, to be issued to petitioner's four children in equal shares. There is no disagreement that the trust was validly created in full compliance with all applicable local laws. Throughout 1976 petitioner was employed as a truck driver for Spector Freight System (hereinafter Spector). Spector paid petitioner's wages directly to him. Petitioner would then endorse the pay checks over to the trust. Although Spector was not informed of the existence of the trust, the cancelled checks it received back from the bank would bear the endorsement to the trust. The trust had no control over conditions of petitioner's employment, this being a matter solely between petitioner, Spector, and petitioner's union. On his 1976 Federal income tax return, petitioner reported compensation *370 income of $ 7,482.66. He also reported receiving fees from the trust of $ 2,949.32. Petitioner testified that these fees were compensation for the performance of his duties as trust manager, as well as to meet certain personal living expenses. Finally, petitioner claimed a credit of $ 1,343.72 for income tax withheld. On its 1976 Federal income tax return, the trust reported income of $ 6,698.90. Calculation of this amount was premised on the assumption that petitioner should report all wages earned prior to July 1, 1976; but that the trust was obligated to report petitioner's wages following the conveyance to the trust. The results of this calculation are as follows: FEDERAL INCOME
FICA
STATE INCOME
GROSS WAGES
TAX WITHHELD
WITHHELD
TAX WITHHELD
Shown on Form W-2
$ 16,671.62
$ 2,861.13
$ 895.05
$ 1,102.43
Reportable by Petitioner
7,482.66
1,343.72
490.48
534.35
Reportable by Trust
9,188.96
1,517.41
404.57
568.08
The trust, however, did not report $ 9,188.96 as income; but instead first subtracted the Federal, state, and FICA taxes withheld in arriving at the $ 6,698.90 shown as income on the return. Additionally, the trust *371 claimed credits of $ 1,517.41 for Federal income tax withheld and $ 404.57 for FICA tax withheld. In his statutory notice of deficiency, respondent determined that petitioner had failed to report $ 9,188.96 in wages attributable to his employment by Spector. The respondent also determined that petitioner was liable for the section 6653(a) addition to tax in an amount equal to 5 percent of the deficiency, or $ 133. OPINION Petitioner conveyed his lifetime services to a trust which he created for this purpose. After momentarily being reposed in the petitioner, the entire beneficial interest in the trust was transferred to his children. Although paid directly by his employer, the petitioner endorsed each check over to the trust. Respondent argues that petitioner has improperly attempted to escape his Federal income tax obligations through an anticipatory assignment of income to the trust. In urging that burden of taxation should remain with the petitioner, respondent relies on the doctrine that income is to be taxed to the one who earns it and that contractual arrangements designed to avoid this result will be disregarded even where the assignment is valid under local law. *372 ; . Respondent further urges that the critical issue is which entity controls the earning of the income, and since petitioner, and not the trust, had this control it is the petitioner who is taxable. . Petitioner sees things much differently. He feels that he has complied in every aspect with the taxing statutes and has created a valid trust under state law. Therefore he concludes that the trust is now the true recipient of his earnings and as such should be taxed thereon. The law in this situation could not be clearer. Anticipatory assignments of income to a trust are not effective to shift the incidence of taxation away from the wage earner to the trust. , affg. a Memorandum Opinion of this Court; Horvat v. Commissioner, a Memorandum Opinion of this Court, affd. without opinion (7th Cir., 1978), cert. denied ; , *373 appeal dismissed (10th Cir., 1980); ; . That the conveyance is ineffective to shift the tax burden results from the fact that the taxpayer, rather than the trust, has the "ultimate direction and control" over the manner in which the compensation is earned. ; . The trust here had no right to supervise the petitioner's performance of his duties and the petitioner was under no legal obligation to earn money or perform services for the trust. . [2]
Respondent determined that petitioner has negligently or intentionally disregarded *374 the rules and regulations resulting in his liability for the addition to tax under section 6653(a). We agree. Petitioner is obviously a very intelligent individual possessed of the ability to comprehend the significance of his actions. The record indicates that petitioner was fully aware of the tax avoidance nature of his scheme. Petitioner presented no novel theory or factual distinction which might have caused him to believe that this Court would possibly reconsider its well-established position. Consequently, we find that petitioner has failed to carry his burden of showing the existence of a bona fide dispute over his correct income tax liability. See, ; . To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years here in issue.↩
2. In view of our disposition, we need not reach respondent's alternative arguments that the transfer to the trust should not be given effect for Federal income tax purposes as it was devoid of economic reality and that the petitioner should be treated as the owner and taxed on the income under the "grantor trust" provisions of secs. 671 through 677.↩